PEOPLE, PLAINTIFF AND APPELLEE, *v.* HERNÁNDEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution for Violation of the Excise-Tax Law.

No. 1891.—Decided April 21, 1922.

EXCISE TAX—STILL—EVIDENCE.—In the case of a violation of section 61 of Act No. 55 of 1919 the government is not bound to prove that the person under whose control the still was found did not have it registered in the Treasury Department, but the burden is on the defendant to prove that he lawfully had it in his possession.

The facts are stated in the opinion.

*Mr. J. Valldejuli* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is one of the many cases that have come up to this court involving the question of the possession of a still without a license. We have already held that the jurisdiction of cases properly involving the violation of section 2 of the Organic Act is vested in the United States District Court for Porto Rico (*People* v. *Torres,* 28 P. R. R. 783), but we have held also that notwithstanding the provisions of the Organic Act, the sections of the Internal Revenue Law which forbid the possession of a still without first obtaining a license from the Treasurer of Porto Rico are still in force. *People* v. *Rosaly,* 28 P. R. R. 438. Based on this last holding, hundreds of prosecutions are now pending in the courts of the Island.

The evidence usually introduced is of the seizure of the still in the possession of the defendant and a certificate of the Treasurer to the effect that from the records of his Department it does not appear that the defendant has registered in that office any still or distilling apparatus in accordance with the provisions of section 61 of Act No. 55 of June

15, 1919.   That was in fact the evidence offered by the Government in this case.

The appellant raised several questions which we shall not consider because they have been repeatedly decided by this court.   We shall decide only the question of the exception taken when the district attorney offered the Treasurer's certificate in evidence.   Clearly the defendant objected on the ground that the Treasurer is not authorized to issue negative certificates.   The appellant cites in his brief the Law of Evidence and The Blue Book on Evidence by Jones, vol. 3, pages 536, 537, 555 and 556.   The *Fiscal* contends in his brief that no error was committed because, in his opinion, the Treasurer's certificate, although negative in appearance, is in fact affirmative.

The question is interesting, but it is unnecessary to pass upon it.   The Government could have done without the certificate.   When it was shown that the still was seized in the possession of the defendant the burden was on the defendant to prove, as a matter of defense, that he had it registered in the office of the Treasurer of Porto Rico.

In the biography of Chief Justice Ruffin, that famous lawyer who had so much influence on the making of North Carolina's jurisprudence, the following paragraph appears:

"In Shaw v. Morrison, he laid down the doctrine, since followed in every state but one, that on an indictment for retailing liquors without license, the burden is on the defendant to show the existence of a license.   14 N. C. R. 299.   Black on Intoxicating Liquors, 507." 4 Lewis Great American Lawyers, 292.

Taking as a basis the decisions of numerous states, Cyc. lays down the rule as follows:

"In cases where a license to sell is relied on as a defense to the prosecution, the government is not bound to produce any evidence in support of the negative allegation that the sale was made without license, but on the contrary defendant must assume the burden of proving that he was duly licensed."   23 Cyc. 247.

Although this case does not deal with a sale of liquor without a license, the similarity is complete and the jurisprudence applies.

The appeal must be dismissed and the judgment appealed from

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.